PER CURIAM.
This is an appeal from an order denying modification of child support payments. We affirm.
The appellant father moved for modification of an order requiring him to pay $500 per month in child support. He argued that he had experienced a substantial change in circumstances owing to a reduction in work hours which, when considered against his other indebtedness, required relief from the previously ordered child support level. The evidence before the general master was sharply disputed, and we are unable to say that the trial court abused its discretion in denying modification on that ground.
The father also argues that modification should have been ordered because of a change in the availability of medical insurance coverage. The original child support award, entered in 1986, was expressly predicated on the assumption that no medical insurance coverage would be available for the child, who has Down’s Syndrome. Recently the father’s insurance plan administrator has indicated, and testified below, that there was a high probability that the father’s plan would cover medical expenses of the child.
We agree in principle that a change in the “no-insurance” premise on which a portion of the child support award was based constitutes good grounds for modification. On the facts present here, however, we conclude that there was no abuse of discretion in determining, in effect, that the issue was not ripe. The child’s eligibility for the insurance coverage could be determined with certainty only by submitting a claim. That has not been done. Nor was data available to the general master on which to base a reliable projection of covered expenses. Finally, it is not clear on this record that the level of support would need to be modified so long as the father receives either reimbursement from the insurer or credit against his monthly support payment for medical expenses covered directly by the insurer.
The father urges, however, that judicial intervention will be needed in order to compel the mother to comply with the insurance plan requirements. Since no such request has previously been made to the mother or the trial court, there has been no abuse of discretion in denying the requested modification at this time. Our affirmance is without prejudice to an appropriate application to the trial court for such assistance as may be needed to obtain the medical insurance benefits, or to a renewed application for modification should that be necessary.
Affirmed.